UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CHAU VAN NGUY

CIVIL ACTION

VERSUS

NO. 12-808-JJB-RLB

DENNIS RAY SAWYER, ET AL.

### RULING ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

This matter is before the Court on a Motion (doc. 7) to Dismiss for Lack of Subject Matter Jurisdiction, jointly filed by Defendants Averitt Express, Inc. and Dennis Ray Sawyer. Plaintiff Chau Van Nguy filed a Response in Opposition (doc. 18) to Defendants' Motion to Dismiss. Oral argument is not necessary. For the reasons stated herein, the Court DENIES the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

### Background

This case arises out of a 10 car pile-up on Interstate 10 near the Gross Tete exit. Plaintiff alleges that Defendant Dennis Ray Sawyer ("Sawyer") stopped his 18-wheel truck in the left lane of traffic in dense fog. Plaintiff claims that Defendant Sawyer's 18-wheel truck obstructed the highway, leading to Plaintiff's collision with the rear of the truck. Plaintiff alleges that this accident was caused solely and proximately by the negligence of Defendant Sawyer. Alternatively and/or to the extent the evidence shows, Plaintiff claims that Defendant Jenny Lu is liable for her comparative fault due to her inattentiveness while driving, which resulted in a collision with Plaintiff's vehicle.

1

Defendant Farmers Insurance Co. is the insurer of Defendant Jenny Lu and is made a party pursuant to the Louisiana Direct Action Statute. In her Answer (doc. 26), Defendant Jenny Lu denies being responsible for the Plaintiff's injuries.

Plaintiff filed the Original Complaint (doc. 1) on December 29, 2012, and an Amended Complaint (doc. 2) on January 29, 2013, asserting that this Court has diversity jurisdiction over the matter. Defendants Averitt Express, Inc. ("Averitt Express") and Dennis Ray Sawyer subsequently filed their Motion (doc. 7) to Dismiss for Lack of Subject Matter Jurisdiction, asserting that Plaintiff failed to satisfy the complete diversity requirement since both Plaintiff and one of the corporate defendants were Mississippi citizens. Defendants Allstate Insurance Co., Shane D. Baber, and Maymar Marine Supply, Inc. ("Maymar Marine"), filed a similar Motion (doc. 11) to Dismiss for Lack of Subject Matter Jurisdiction.

As alleged by the Plaintiff in both the original and supplemental complaints, Maymar Marine was a Mississippi corporation, and the Plaintiff is a resident of Mississippi. Thus, Maymar Marine was domiciled in the same state as the Plaintiff. Nevertheless, Plaintiff filed a Notice of Voluntary Dismissal (doc. 12), pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, whereby Allstate Insurance Co., Shane D. Baber, and Maymar Marine were voluntarily dismissed from the present matter. Accordingly, their Motion (doc. 11) to Dismiss is now moot. Subsequently, Plaintiff filed a Response in Opposition (doc. 18) to the Motion to Dismiss, claiming that the previous Rule 41(a)(1)(A) voluntary dismissal cured any jurisdictional defects.

**Analysis**

"A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). However, even if the lawsuit originally lacked complete diversity, a non-diverse party can be dismissed from the lawsuit to preserve complete diversity. As the United States Court of Appeals for the Fifth Circuit has stated, "[i]n this circuit we have permitted parties who were not indispensable to be dropped from an action in order to achieve complete diversity either on the motion of the parties or on the court's own motion." *Burleson v. Coastal Recreation, Inc.*, 572 F.2d 509, 514 (5th Cir. 1978). *See also Guigliano v. Danbury Hospital*, 396 F. Supp.2d 220, 224 (D. Conn. 2005) ("As these courts have recognized, a plaintiff may use Rule 41 to dismiss a nondiverse party provided the party has not yet served an answer or motion for summary judgment."). Furthermore, courts have found diversity jurisdiction when a non-diverse defendant was voluntarily dismissed pursuant to Rule 41, despite the voluntary dismissal occurring after the filing of a Motion to Dismiss for Lack of Subject Matter Jurisdiction. *See Brown v. Texas & P.R. Co.*, 392 F. Supp. 1120 (W.D. La. 1975).

In the present matter, it is undisputed that there was not complete diversity at the time the case was originally filed, as the Plaintiff and at least one named defendant were domiciled in Mississippi. Nevertheless, Plaintiff voluntarily dismissed these non-diverse defendants pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure. As aforementioned, Plaintiff was entitled to do this in order to preserve diversity jurisdiction.

Moreover, there are no other readily apparent defects with diversity jurisdiction as the case presently stands.

It must be mentioned that the Plaintiff has failed to properly plead the domicile of Defendant Farmers Insurance Company. Furthermore, based on Plaintiff's previous motions (docs. 23 and 24), it is this Court's understanding that Defendant Farmers Insurance Company was incorrectly named, and that the correct name of this entity is Farmers Texas County Mutual Insurance Company. Nonetheless, Plaintiff appears to have served the correct entity. In the Magistrate Judge's Order (doc. 27) Denying Motions to Correct the Name of a Party, the Plaintiff was ordered to submit a motion for leave to amend the complaint with a proposed amended complaint attached. Counsel for the Plaintiff is instructed to include in that amended complaint the proper domicile of Farmers Insurance Company/Farmers Texas County Mutual Insurance Company.

### Conclusion

Accordingly, the Court DENIES Defendants' Motion (doc. 7) to Dismiss for Lack of Subject Matter Jurisdiction. If Plaintiff does not fully allege the domicile (i.e., state of incorporation and principal place of business) of Defendant Farmers Texas Country Mutual Insurance Company when Plaintiff files his amended complaint, subject matter jurisdiction will be revisited by the Court at that time.

Signed in Baton Rouge, Louisiana, on August 27, 2013.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**